IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 07-1389 |
| ) | [UNDER SEAL] |
| $292,195.44 FORMERLY CONTAINED IN ) | |
| ACCOUNT NUMBER 7400525817 AT ) | RECEIVED |
| FIFTH THIRD BANK, ) | |
| ) | OCT 1 5 2007 |
| Defendant. ) | |

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Mary McKeen Houghton, Assistant United States Attorney for the Western District of Pennsylvania, and respectfully represents as follows:

1. Pursuant to 18 U.S.C. §§ 981(a)(1)(A) and/or 981(a)(1)(C), Plaintiff, the United States of America, brings this civil action *in rem* for forfeiture to the United States of $292,195.44 formerly contained in Account Number 7400525817 at Fifth Third Bank, Cincinnati, OH (hereinafter the "Defendant Property").

2. Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355(a). Venue is proper under 28 U.S.C. §§ 1395(a) and (b) and 1355(b).

3. The Internal Revenue Service, Criminal Investigation and the Food and Drug Administration's Office of Criminal Investigations have been involved in an investigation of Meir Sacks, PhD ("Sacks") and others for, *inter alia*, violations of 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. §§ 1956 and 1957 (money laundering).

4. The Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and/or 981(a)(1)(C) since the Defendant Property was involved in transactions in violation of 18 U.S.C. §§ 1956 and/or 1957, and/or is traceable to property involved in such violations and/or constitutes and/or is derived from proceeds traceable to violations of 18 U.S.C. § 1343.

5. As part of the criminal investigation, the United States seized the Defendant Property pursuant to a federal forfeiture seizure warrant dated September 4, 2007 issued by a United States Magistrate Judge.

6. During the period from at least June 2004 though December 2005, Sacks and/or others engaged in a scheme to defraud in violation of 18 U.S.C. § 1343 by purchasing discounted prescription medications through Monsour Medical Center's membership in various drug programs and then illegally reselling such prescription medications through various Sacks entities, including Sacks Medical Corporation and Sacks Biologicals, well knowing that they had no right or authority to so acquire and sell the prescription medications.

7. Throughout the execution of this criminal activity in violation of 18 U.S.C. § 1343, which criminal activity constitutes specified unlawful activity within the meaning of 18 U.S.C. §§ 1956 and 1957, Sacks and/or others conducted numerous financial and monetary transactions involving the proceeds derived from the specified unlawful activity in violation 18 U.S.C. §§ 1956 and 1957.

8. Pursuant to Title 21, United States Code, Section 353(c)(3)(A)(ii)(I), no person may sell, purchase or trade, or offer to sell, purchase or trade, any prescription drug which has been purchased by a public or private hospital.

9. As part of the scheme, Sacks and/or others created a shell company named Monsour Medical Center Research Institute (Research Institute), which then purchased large quantities of discounted prescription medications through Monsour Hospital's various drug programs. Sacks and/or others funded the Research Institute's purchase of these medications by making a series of wire transfers totaling in excess of $2 million from its business Sacks Biologicals located in Evans City, Pennsylvania to a nominee, who in turn made a series of wire transfers in excess of $1.7 million to the Research Institute located in Jeannette Pennsylvania.

10. As part of the scheme, Sacks and/or others, doing business as Sacks Biologicals, financed the Research Institute's purchases of these discounted medications by executing wire transfers to various bank accounts, including the Research Institute's account number 22972420 at Parkvale Bank in Jeannette, Pennsylvania.

11. As part of the scheme, Sacks and others caused hundreds of thousands of illegal proceeds of the scheme to be transferred into various bank accounts, including Account Number 7400525817 at Fifth Third Bank, Cincinnati, OH. Sacks and/or others deposited, or caused to be deposited, such illegal proceeds of their scheme into such accounts, including the Account Number 7400525817 at Fifth Third Bank, Cincinnati, OH, in order to disguise the illegal proceeds in what would appear to be legitimate accounts and/or to promote the illegal scheme in violation of 18 U.S.C. § 1956.

12. Throughout the period from at least June 2004 through December 2005, these various business accounts were involved in and facilitated money laundering violations in violation of 18

U.S.C. §§ 1956 and/or 1957. As a result, all of the monies in these accounts became forfeitable to the United States. Throughout this period, Sacks and others also transferred, or caused to be transferred, illegal and forfeitable funds to Account Number 7400525817 at Fifth Third Bank, Cincinnati, OH, in violation of 18 U.S.C. §§ 1956 and/or 1957, thereby involving this account in money laundering and rendering the Defendant Property forfeitable to the United States.

13. The Defendant Property constitutes and/or is traceable to proceeds of violations of 18 U.S.C. § 1343 and/or was involved in illegal money laundering violations in violation of 18 U.S.C. §§ 1956 and 1957 and/or is traceable to property involved in such violations.

14. Based upon the foregoing, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and/or 981(a)(1)(C).

WHEREFORE, the United States of America respectfully requests that process of warrant *in rem* issue for the arrest of the Defendant Property; that Judgment of Forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

By: _____
MARY MCKEEN HOUGHTON
Assistant U.S. Attorney
Suite 4000, U.S. Courthouse
Pittsburgh, PA 15219
(412) 894-7370
PA ID # 31929

## VERIFICATION

I am a Special Agent of the Internal Revenue Service, Criminal Investigation and a case agent assigned to this case.

I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of October, 2007.

*David Insana*

David Insana
Special Agent
Internal Revenue Service,
Criminal Investigation